

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

August 7, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Calvert:

Opinion No. V-1498

Re: Applicability of the $15.00
motor vehicle use tax to a
vehicle brought into this
State from a non-title State
and sold to a dealer for resale.

Your request for the opinion of this office is upon substantially the following facts:

"House Bill No. 285, Section VII, Motor Vehicle Sales Tax, Section 2 (b) reads as follows:

'(b) When a person makes application for the initial certificate of title in this State on a particular motor vehicle, he shall pay a use tax on that motor vehicle in the sum of Fifteen Dollars ($15). No certificate of title or motor vehicle registration for such motor vehicle shall be issued until the use tax imposed by this subsection has been paid. However, a person is not liable for the tax imposed by this subsection if the sales or use tax imposed by any other provision of this Act has been previously paid upon such motor vehicle. It is the purpose of this subsection to impose a use tax upon motor vehicles brought into this State by new residents of this State.'

"The Automobile Dealers Association has questioned the instructions given by this Department to the Tax Assessor-Collectors, in regard to the collection of the $15.00 use tax. We have said it must be paid on a motor vehicle purchased by a person while a resident of another State who later brings the car to Texas and sells it to a Texas Dealer who is purchasing it for resale only and not for use; that is, where the car comes from a non-title State, and for that reason a title must be obtained by the owner before he sells it to the Dealer.

" . . . .

"You will please advise if we have correctly construed the law, in that the tax of $15.00 should be paid on a car pur-

chased by a person in another State which does not
issue certificates of title, while he is a resident
thereof, and who later brings the car to Texas and
sells it to a Dealer who is purchasing it for resale
only, and not for use."

In answering your question we must first determine
whether or not a car brought into this State by a nonresident
for the purpose of sale to a dealer and not for use is required
to be registered and a certificate of title obtained as a prere-
quisite to making the sale to the dealer. We have reached the
conclusion that, under the admitted facts presented in your let-
ter, one who brings a car into the State for the purpose of sale
to a dealer and not for use is an importer and governed by the
provisions of Sections 10, 17, 23, 27, 29, and 30 of Article 1436-1,
Vernon's Penal Code. These articles provide respectively as
follows:

"Sec. 10. The term 'Used Car' means a motor
vehicle that has been the subject of a first sale whether
within this State or elsewhere."

"Sec. 17. The term 'Importer' means any person,
except a manufacturer, who brings any used motor
vehicle into this State for the purpose of sale within
this State."

"Sec. 23. The term 'Importer's Certificate' means
the certificate on form to be prescribed by the Depart-
ment for each used motor vehicle brought into this State
for the purpose of sale within this State, and such im-
porter's certificate must be accompanied by such evi-
dence of title to the motor vehicle as the Department
may, from time to time, require in order to show a
good title and the names and addresses of mortgagees."

"Sec. 27. Before selling or disposing of any motor
vehicle required to be registered or licensed in this
State on any highway or public place within this State,
except with dealer's metal or cardboard license num-
ber thereto attached as now provided by law, the own-
er shall make application to the designated agent in
the county of his domicile upon form to be prescribed
by the Department for a certificate of title for such
motor vehicle."

"Sec. 29. No such designated agent shall issue a
receipt for a certificate of title to any used motor ve-
hicle imported into this State for the purpose of sale

within this State without delivery to him by the appli-
cant of an importer's certificate properly assigned
by the importer upon form to be prescribed by the
Department."

"Sec. 30. Before any motor vehicle brought into
this State by any person, other than a manufacturer or
importer, and which is required to be registered or
licensed within this State, can be bargained, sold,
transferred, or delivered with intent to pass any in-
terest therein or encumber by any lien, application
on form to be prescribed by the Department must be
made to the designated agent of the county wherein
the transaction is to take place for a certificate of
title, and no such designated agent shall issue a re-
ceipt until and unless the applicant shall deliver to
him such evidence of title as shall satisfy the desig-
nated agent that the applicant is the owner of such
motor vehicle, and that the same is free of liens ex-
cept such as may be disclosed on an affidavit inform
to be prescribed by the Department."

Such a car has been subject to a first sale, and hence
is a used car within the definition of a used car contained in
Section 10 of Article 1436-1. A person bringing such a car into
the State is, under the definition of Section 17, an importer. An
importer is required as a prerequisite to making a sale in this
State to comply with Section 23 of the Act by obtaining an im-
porter's certificate upon the form prescribed by the Highway
Department.

Section 29 of the Article forbids the tax assessor-
collection from issuing a certificate of title upon any used
motor vehicle imported into the State for the purpose of sale
within the State without delivery by the applicant of an im-
porter's certificate properly assigned by the importer upon
the form prescribed by the Highway Department. Section 30
of the Act exempts from the requirement of registration a used
car brought into the State by an importer for the purpose of
sale and not for use by the importer upon the highways.

All that is required of a person bringing a used car
from without the State into the State for the purpose of sale to
a dealer is that the importer secure an importer's certificate
with the necessary information prescribed by the Department
to be furnished by the importer, which certificate is required
to be assigned to the purchaser or dealer. In other words, an
importer is not required to register the car as a necessary
prerequisite to making the sale to the dealer, but is required

to deliver and assign to the dealer, the purchaser, the proper importer's certificate when he makes the sale.

When the dealer makes a sale of such an imported car, it will of course then become subject to the sales tax prescribed by Section 1 (a) of Article 7047-k, V.C.S., for the same would then constitute a retail sale as provided for in this section of the taxing act.

Our answer to your question is based upon the assumption that no use upon the highways of this State is made by the importer prior to sale to the dealer except such as necessary for delivery to the dealer by the importer. If, however, the importer makes any use of the highways in the imported motor vehicle other than to deliver it to the dealer, such use would subject the importer to liability for registration and the necessity of obtaining a certificate of title. The owner of a used motor vehicle brought into this State and used upon the highways by him would no longer be an importer within the purview of the Act and would be governed by the other provisions of the statute requiring registration and obtaining a certificate of title and any sale made by him in the State would be a taxable sale and subject to the tax imposed by Section 1 (a) of Article 7047-k, V.C.S., which provides as follows:

"Section 1. (a) There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to 1.1% of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid from said motor vehicle and all accessories attached thereto at the time of the sale, whether such consideration be in the nature of cash, credit, or exchange of other property, or a combination of these. In the event the consideration received by the seller includes any tax imposed by the Federal Government, then such Federal tax shall be deducted from such consideration for the purpose of computing the amount of tax levied by this Article upon such retail sale." (Emphasis added.)

The problem will be more easily understood by the simple statement that a car imported into this State under an importer's certificate and sold to a dealer for resale and not for use occupies the same status in so far as registration and taxes are concerned as a new car in the hands of the dealer. Upon sale by the dealer of such an imported car it becomes subject to registration and to the sales tax provided in Section 1 (a) of Article 7047-k, supra. The use tax prescribed in Sections 2 and 5a of Article 7047-k has no application to such transaction.

## SUMMARY

A car purchased outside the State and brought into the State for sale to a dealer and not for use is an imported car, and the owner must procure and assign to the dealer an importer's certificate as a necessary prerequisite to making the sale. Such a car is not required to be registered nor the sales tax paid thereon by the importer, but the car must be registered and the sales tax paid when it is sold by the dealer upon the same basis as a new car, as prescribed by Section 1 (a) of Article 7047-k, and is not subject to the use tax prescribed by Sections 2 and 5 (a) of Article 7047-k. The use tax has no application to such sale.

Yours very truly,

APPROVED:

W. V. Geppert
Taxation Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL mm

PRICE DANIEL
Attorney General

By

L. P. Lollar
Assistant